|   |   |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 73.2.97.225,<br><br>Defendant. | No. 1:18-cv-01075-MCE-CKD<br><br>ORDER RE: SANCTIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

This case is one of twenty-four nearly-identical cases presently facing an order to show cause why the court should not impose sanctions based upon plaintiff's failure to follow an order of the court.[1] Plaintiff filed a written response, a notice of voluntary dismissal, and requested a

---

[1] Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01075-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01076-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01080-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01089-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01304-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02201-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02202-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02203-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02204-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02205-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02206-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02207-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3

hearing.  (See, e.g., ECF Nos. 14, 15.)  These matters were heard jointly on February 20, 2019 at 10:00 a.m., before the undersigned.  Lincoln D. Bandlow appeared on behalf of plaintiff.  Upon review of plaintiff's response, upon hearing the arguments of plaintiff's counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.     RELEVANT BACKGROUND

This case is one of approximately 2,500 nearly-identical cases that plaintiff has filed across the country since October 2017.[2]  Plaintiff has filed scores of these cases in the Eastern District since April 2018.

In each case, plaintiff filed an ex parte application to serve a third-party subpoena on an internet service provider to obtain the identity of a Doe defendant who has allegedly engaged in copyright infringement of plaintiff's pornographic films.  See, e.g., Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01075-MCE-CKD, Compl. and Ex Parte Appl., ECF Nos. 1, 6.  The court granted each ex parte application and required plaintiff to serve a copy of the court's order on defendant, once identified, and to file a status report with the court within forty-five days.[3]  See,

---

Holdings, LLC v. John Doe, 2:18-cv-02208-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02209-MCE-CKD, Order to Show Cause, ECF No. 11; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02582-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02584-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02585-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02636-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02638-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02639-MCE-CKD, Order to Show Cause, ECF No. 9; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02640-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02641-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02642-MCE-CKD, Order to Show Cause, ECF No. 8; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02643-MCE-CKD, Order to Show Cause, ECF No. 6.

[2] According to Mr. Bandlow at the hearing.

[3] At the hearing, Mr. Bandlow indicated that, due to various procedural hurdles in serving a subpoena on internet service providers, in most of these cases nothing worth reporting will occur within forty-five days of the court granting a subpoena request.  Thus, Mr. Bandlow suggested that the court consider giving plaintiff sixty days to file a status report, in future orders.  This is the first time that plaintiff has made this suggestion to the court.  While this suggestion does not excuse Mr. Bandlow's conduct here, the court will take it under advisement.

e.g., Id., Order Granting Ex Parte App., ECF No. 10.

### A. Previous Orders to Show Cause (Four Cases)

On November 9, 2018, the court issued the first set of orders to show cause in four of these matters, due to plaintiff's failure to follow the court's orders granting plaintiff's ex parte applications. Strike 3 Holdings, LLC v. John Doe, 1:18-cv-00587-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01663-MCE-CKD, Order to Show Cause, ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01667-MCE-CKD, Order to Show Cause, ECF No. 9; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-01677-MCE-CKD, Order to Show Cause, ECF No. 10.

Plaintiff filed a response in each matter, and explained that the failures were caused by calendaring issues and/or incorrectly reading the court's orders. Plaintiff proclaimed that it "takes Court deadlines seriously and it will set additional measures in place to ensure that all deadlines are appropriately calendared, and that it diligently updates the Court of its efforts in each case in the future." Strike 3, 2:18-cv-01663-MCE-CKD, Pl.'s Resp., ECF No. 11 at 3.

Accepting plaintiff's explanations and assurances that plaintiff had remedied these issues, on December 5, 2018, the court discharged the first set of orders to show cause without imposing any sanctions. The court explicitly "cautioned [plaintiff] to carefully calendar deadlines and follow all future court orders." Strike 3, 1:18-cv-00587-MCE-CKD, Order Dischrg. Order to Show Cause, ECF No. 16 at 2; Strike 3, 2:18-cv-01663-MCE-CKD, Order Dischrg. Order to Show Cause, ECF No. 12 at 2; Strike 3, 2:18-cv-01667-MCE-CKD, Order Dischrg. Order to Show Cause, ECF No. 13 at 2; Strike 3, 2:18-cv-01677-MCE-CKD, Order Dischrg. Order to Show Cause, ECF No. 12 at 2.

### B. Pending Orders to Show Cause (Twenty-Four Cases)

Between November 8, 2018 and November 14, 2018, the court granted plaintiff's ex parte applications in each of the twenty-four cases currently at issue. See, e.g., Strike 3, 1:18-cv-01075-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02643-MCE-CKD, Order Granting Ex Parte App., ECF No. 5. Status reports in these cases were due between December 24, 2018 and December 31, 2018. Id. Plaintiff failed to

provide status reports or request extensions of time.

As a result, between January 2, 2019 and January 4, 2019, plaintiff was ordered to show cause in writing why the court should not impose $250.00 in sanctions in each of these twenty-four cases, based upon plaintiff's failure to follow an order of the court. See, e.g., Strike 3, 1:18-cv-01075-MCE-CKD, Order to Show Cause, ECF No. 13; Strike 3, 2:18-cv-02643-MCE-CKD, Order to Show Cause, ECF No. 6.

II. PLAINTIFF'S ARGUMENT

In each case in which an order to show cause is pending, plaintiff has submitted a notice of voluntary dismissal and a boilerplate response, asserting that its failure to comply in these matters was caused by inadvertence and not bad faith.[4] See, e.g., Strike 3, 1:18-cv-01075-MCE-CKD, Pl.'s Resp. and Vol. Dismissal, ECF Nos. 14, 15; Strike 3, 2:18-cv-02582-MCE-CKD, Pl.'s Resp. and Vol. Dismissal, ECF Nos. 9, 10.

Mr. Bandlow acknowledges that, as a result of the first set of orders to show cause in November 2018, he became aware of problems with his calendaring procedure and protocol. He asserts that he promptly employed information technology professionals to address these problems. Strike 3, 1:18-cv-01075-MCE-CKD, Pl.'s Resp., ECF No. 14 at 2. Mr. Bandlow admits, however, that this problem has not been resolved and that plaintiff "has again inadvertently missed a number of status report deadlines." Id. Mr. Bandlow indicates this was due in part to a "lack of adequate staff to ensure deadlines [we]re covered over the [December] holidays, coupled with additional technological issues related to receiving emails and notifications regarding calendaring deadlines." Id. Plaintiff also voluntarily dismissed each of these cases because "this is a repeat issue that it has not fixed, and so as to not further inconvenience" the court. Id. at 3.

At the hearing, Mr. Bandlow further explained that the failures to timely respond in approximately nineteen of the twenty-four cases were caused by staff being out of the office

---

[4] Plaintiff initially responded in only four of these cases, but later responded in the other twenty. The second set of twenty responses includes more argument than does the initial set of four, but all provide essentially the same excuse of inadvertence. See, e.g., Strike 3, 1:18-cv-01075-MCE-CKD, Pl.'s Resp., ECF No. 14; Strike 3, 2:18-cv-02582-MCE-CKD, Pl.'s Resp., ECF No. 9.

4

during the late December holidays, whereas the other failures were caused by either an over-active email spam filter or an ineffective electronic docketing notification system. Mr. Bandlow expressed sincere apologies for the inconvenience he has caused the court, and insisted that these failures were not in bad faith. Mr. Bandlow also represented to the court that he has been practicing and teaching law for over twenty-five years, and he has never been sanctioned by a court.

III. LEGAL STANDARD

Eastern District Local Rule 110 clearly provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Federal courts have the inherent power to impose monetary sanctions against attorneys and parties for "bad faith" conduct in litigation or for "willful disobedience" of a court order. See Chambers v. NASCO, Inc., 501 US 32, 43 (1991); Roadway Express, Inc. v. Piper, 447 US 752, 764-66, (1980). "[S]anctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002), as amended (Feb. 20, 2002). A party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Chambers, 501 U.S. at 46.

"[A] voluntary dismissal does not expunge the . . . [underlying] violation" or bad faith conduct. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Nor does a voluntary dismissal remove the court's inherent authority to impose sanctions. See Id.; Thomas v. Early Cty., GA, 360 F. App'x 71, 75 (11th Cir. 2010) ("For the same reasons [enumerated in Cooter], motions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal").

IV. DISCUSSION

Plaintiff's excuses and explanations are unavailing. First, plaintiff chose to file scores of nearly-identical cases in the Eastern District, within months of each other. Plaintiff's failures are not excused because counsel's tracking system and staff were inadequate to process the number

5

1 | of cases that plaintiff voluntarily brought.  Mr. Bandlow has a professional responsibility to
2 | refrain from acting as counsel in more cases than he can handle at one time.

Second, these failures to comply did not occur in a vacuum.  Plaintiff had already failed to comply with court orders in four other related cases, under nearly-identical circumstances.  In those matters, the court did not issue sanctions because the court believed that plaintiff's initial failures to comply were, in fact, inadvertent.  At the same time, because "plaintiff ha[d] numerous related matters pending before the court, [on December 5, 2018] plaintiff [wa]s cautioned to carefully calendar deadlines and follow all future court orders." Strike 3, 1:18-cv-00587-MCE-CKD, Order Dischrg. Order to Show Cause, ECF No. 16 at 2.  The status reports in the pending matters were due between December 24, 2018 and December 31, 2018, several weeks after the court issued this warning.

Third, Mr. Bandlow's efforts to employ information technology professionals to address his technological problems did not relieve him of his duty to follow court orders.  The practice of law predates the computer.  Computer and technological problems do not justify failing to comply with court-ordered deadlines, especially under the specific circumstances of these cases.  Once Mr. Bandlow became aware of his technological problems, he could have—and indeed should have—manually calendared and tracked all deadlines.

Fourth, by Mr. Bandlow's own admission, approximately nineteen of the twenty-four deadlines were missed because of inadequate staffing at his firm, rather than technological issues.  At the hearing, Mr. Bandlow indicated that his firm, Fox Rothschild LLP, at which he is a partner, employs approximately 900 lawyers.  It is unacceptable and inexcusable that Mr. Bandlow's firm had insufficient coverage over the holidays to address court-ordered deadlines in cases that its client chose to file in this court.

The failures before the court today do not represent mere inadvertence or recklessness.  After he was reprimanded for failing to meet deadlines in related matters, Mr. Bandlow was on notice of problems with his calendaring procedure and he was explicitly warned to make sure that he properly calendared all future deadlines.  Instead of doing so, Mr. Bandlow failed to comply with court-ordered deadlines twenty-four additional times.  Mr. Bandlow's conduct constitutes

willful disobedience of court orders, which is tantamount to bad faith.

Such willful disobedience is not excused by plaintiff's voluntary dismissal of each case in which a deadline was missed. See Cooter, 496 U.S. at 395. The harm has already occurred, as the court has expended significant resources in managing these cases and addressing plaintiff's numerous failures to follow court orders.

In light of Mr. Bandlow's representations at the hearing, the court recognizes that his bad faith is not the most egregious kind. The court believes that Mr. Bandlow's apologies are sincere. At the same time, the fact remains that Mr. Bandlow delayed and disrupted the litigation here by willfully ignoring, and thereby disobeying, explicit orders and warnings from the court—conduct that is unacceptable from any attorney, let alone one with over twenty-five years of experience. See Chambers, 501 U.S. at 46.

Therefore, for the foregoing reasons, the court determines that it is appropriate to impose monetary sanctions on plaintiff's counsel, Lincoln D. Bandlow, but in a lesser amount than originally contemplated.

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff is sanctioned a total of $750.00 based upon its willful disobedience of court orders in twenty-four related matters.[5] The sanctions are imposed on plaintiff's

---

[5] Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01075-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01076-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01080-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01089-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 1:18-cv-01304-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02201-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02202-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02203-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02204-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02205-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02206-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02207-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02208-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike 3 Holdings, LLC v. John Doe, 2:18-cv-02209-MCE-CKD, Order Granting Ex Parte App., ECF No. 10; Strike

counsel, Lincoln D. Bandlow, who shall pay $750.00 to the Clerk of Court within twenty-one (21) days of this order.

2. For ease of administration, the sanctions shall be paid in case <u>Strike 3 Holdings, LLC v. John Doe</u>, 1:18-cv-01075-MCE-CKD, even though the sanctions are imposed for the conduct that occurred in all twenty-four cases.

Dated: February 26, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

3 Holdings, LLC v. John Doe, 2:18-cv-02582-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02584-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02585-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02636-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02638-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02639-MCE-CKD, Order Granting Ex Parte App., ECF No. 8; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02640-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02641-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02642-MCE-CKD, Order Granting Ex Parte App., ECF No. 7; <u>Strike 3 Holdings, LLC v. John Doe</u>, 2:18-cv-02643-MCE-CKD, Order Granting Ex Parte App., ECF No. 5.